UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3: 23- cr-43 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ADRIAN M. JACKSON, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court on the parties' Joint Motion to Permit Change of Plea (Doc. #21) and the subsequent arraignment and change of plea hearing, which were held on June 26, 2023. Assistant United States Attorney Brent Tabacchi appeared and represented the Government. Defendant was present at the hearing and was represented by Attorney Charles W. Slicer, III.

Prior to the hearing, the parties entered into a proposed binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), which agreement has been filed of record. (Doc. #23). Under the terms of the plea agreement, Defendant agreed to plead guilty as charged in Count 1 of the Information currently pending against him, which charges him with knowingly possessing a machinegun, in violation of Title 18 U.S.C. §§ 922(o) and 924(a)(2).

During the plea hearing, the undersigned had the opportunity to address Defendant in open court and to inform Defendant of all rights and privileges as set forth in Fed. R. Crim. P. 11(b)(1). Further, the undersigned carefully inquired of Defendant regarding his understanding of the agreement, as well as his competence to understand the agreement. Having fully inquired, the

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

undersigned Judicial Officer finds that Defendant's tendered plea of guilty as charged in Count 1 of the Information was knowing, intelligent, and voluntary. Additionally, based upon the statement of facts, which were read into the record and affirmed by Defendant, the undersigned finds that there is a sufficient factual basis for finding that Defendant is in fact guilty of knowingly possessing a machinegun, in violation of Title 18 U.S.C. §§ 922(o) and 924(a)(2).

Based upon the foregoing, it is **RECOMMENDED** that the District Court **GRANT** the parties' Joint Motion to Change Plea (Doc. #21) and **ACCEPT** Defendant's plea of guilty as charged in Count 1 of the Information currently pending against him and find him guilty as charged of knowingly possessing a machinegun, in violation of Title 18 U.S.C. §§ 922(o) and 924(a)(2).

Pending the Court's acceptance of Defendant's guilty plea, Defendant has been referred to the Probation Department for a pre-sentence investigation and report.

June 27, 2023  *s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).